Pedro **MIRANDA; Maricela De Miranda–Chavez; Elaina Magali Miranda, Petitioners,**

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 06–72506.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Pedro Miranda, Maricela de Miranda–Chavez, and their daughter Elaina Magali Miranda, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings and remand. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen, where the BIA considered the psychological report indicating petitioners' U.S. citizen son's mental health had deteriorated and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law").

The remaining evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (internal quotations and brackets omitted).

We are unpersuaded by petitioners' remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

